UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANJUM MALIK, :
        Plaintiff, :
         :
    v. : CA 10-222 S
         :
EXPRESSJET HOLDINGS, INC., :
d/b/a CONTINENTAL EXPRESS, :
        Defendant. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is Plaintiff's Motion for Partial Default Judgment (Docket ("Dkt.") #6) ("Motion for Partial Default Judgement" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). I have determined that no hearing is necessary. For the reasons stated below, I recommend that the Motion be denied because default, a necessary precedent, has not entered. I further recommend that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[1] because all

---

[1] Section 1915(e)(2) states that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)  is frivolous or malicious;
        (ii) fails to state a claim on which relief may be
        granted; or
        (iii) seeks monetary relief against a defendant

of Plaintiff's claims are barred by the doctrine of res judicata and her federal claims, which provide the sole basis for this Court to exercise jurisdiction, are additionally barred by the statute of limitations.

## I. Facts[2]

On or about May 18, 2006, Plaintiff Anjum Malik ("Plaintiff" or "Malik") boarded a commercial airliner in Austin, Texas, owned and/or operated by Continental Airlines, Inc. ("Continental"), to fly to Newark, New Jersey, and then by a connecting flight to Providence, Rhode Island.  The connecting flight would be provided by Defendant ExpressJet Holdings, Inc. d/b/a Continental Express ("Defendant" or "Continental Express").  A female flight attendant told Malik that the overhead compartments near Malik's assigned seat in row 18 were full.  At the flight attendant's direction and with her assistance, Malik placed her carry-on suitcase, which contained jewelry and other valuable items, in an overhead compartment near the front of the aircraft.  Malik then sat in her assigned seat.

As the aircraft was taxiing, a male flight attendant

---

who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[2] The facts are taken from Plaintiff's Original Complaint (Dkt. #1) ("Complaint"), Plaintiff's Motion for Partial Default Judgment (Dkt. #6) ("Motion for Partial Default Judgment" or "Motion"), and Plaintiff's Affidavit ("Plaintiff's Aff."). Plaintiff's Aff. is attached to the Motion.

informed Malik that her carry-on suitcase had been placed in the cargo compartment "because the overhead bins were getting full ...." Plaintiff's Aff. ¶ 3. When Malik asked the flight attendant how he knew that the bag was hers, he showed her the ticket for her flight from Newark to Providence. Malik knew immediately that someone, presumably the flight attendant, had opened her suitcase and also opened her purse because she had placed the ticket inside the purse and then placed the purse inside the carry-on suitcase. These intrusions were without Malik's knowledge or consent. She believed that it was very likely that the flight attendant has seen the jewelry in the suitcase as some of the items were inside the purse and others were in Ziploc bags inside the suitcase. The flight attendant hand-wrote a multi-digit number on the back of Malik's ticket jacket, gave the ticket jacket to Malik, and told her that the number would help her claim her bag in Providence.

After the plane took off and attained attitude, Malik approached the female flight attendant who had initially helped her place the suitcase in the overhead compartment. Malik expressed concern that her bag had been opened without her knowledge or consent. The flight attendant assured Malik that the bag would be safe and that Malik could retrieve it at her final destination. Malik asked that the bag be provided to her in Newark, but the flight attendant stated that it was too late.

Malik then returned to her seat.

After the plane landed in Newark, Malik informed Continental desk personnel that the suitcase contained many valuables and that she needed it for functions which she would be attending in Rhode Island. Malik stressed that it was important that the suitcase arrive in Providence when she arrived there. According to Malik, she "literally pleaded that the suitcase be transferred correctly to the connecting flight." Plaintiff's Aff. ¶ 7. Malik then left to catch her connecting flight.

When Malik arrived in Providence, she waited for her bag, but it did not arrive. Malik contacted the Continental Express representative at the Providence Continental Express office to document the claim. The representative took the ticket jacket, but it appeared to Malik that the representative could not make sense of the hand-written numbers. Malik described the contents of the suitcase in detail to the representative and then proceeded to her destination in Rhode Island.

Over the next two or three days, the staff of the hotel where Malik was staying and personnel from the university at which Malik was attending a function repeatedly called the airline seeking information on the suitcase. According to Malik:

> Initially, Continental/Continental Express (I will use the name "Continental" to refer to both Continental and Continental Express because, as I understand, they are jointly operated in Providence, RI) told the callers that they would find the suitcase and send it to the hotel where I was staying. They kept assuring the callers that

> they were aware of the events I was to attend and that they would certainly get my suitcase on the next flight. After the callers repeatedly continued contacting Continental, the story continued to be repeated by the baggage staff, with the Continental staff even saying that the suitcase was actually coming on the next flight. We would then wait, and when it did not arrive we would call again and would be told it was on the next flight, then the flight after that, and so on.

Plaintiff's Aff. ¶ 8. Even after Malik returned to her home in Austin, Texas, the suitcase was never returned to her.

In Plaintiff's Original Complaint (Dkt. #1) ("Complaint") she alleges civil rights violations under 42 U.S.C. §§ 1981 and 1982. See Complaint ¶ 10. Malik states that she "has the racial (physical) traits of the people from the northern parts of the Indian sub-continent and ethno-cultural background from the Muslim communities of the northern-Indian state of Uttar Pradesh ..., immediately south of the Himalayas and bordering Nepal." Id. ¶ 3. Malik believes "that she was singled out, subjected to different standards, and deprived of her property because she was a member of a racial, ethnic, and religious minority." Id. ¶ 8. In addition to her federal civil rights claims, Malik asserts claims under Texas state law. See id. ¶¶ 11-13.

**II. Discussion**

**A. Motion for Partial Default Judgment**

Malik seeks to have a "partial default judgment," Motion at 1, entered against Defendant. Malik alleges that Defendant's registered agent, CT Corporation System, was served on September

5

22, 2010, and that Defendant has failed to answer or otherwise respond to the Complaint. See id. at 1-2. The Docket reflects, however, that default has not been entered against Defendant. Thus, Malik's motion is premature. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998)("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); Virgin Records of America, Inc. v. Johnson, 441 F.Supp.2d 963, 965 (N.D. Ind. 2006)("Entry of default must precede an entry of default judgment."); Fairman v. Hurley, 373 F.Supp.2d 227, 231 (W.D.N.Y. 2005)("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."); Canady v. Erbe Elektromedizin GMBH, 307 F.Supp.2d 2, 8-9 (D.D.C. 2004)(pointing out "fatal flaw" in motion for default judgment where party had failed to ask clerk to enter default first, leaving party unable to apply for entry of default judgment); see also Bardfield v. Chisholm Props. Circuit Events, LLC, No. 3:09cv232/MCR/EMT, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010)("The law is clear that these two separate steps cannot be combined into one."). Accordingly, I recommend that the Motion be denied on this basis.

**B. Res Judicata**

Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in the prior action.

Haag v. United States, 589 F.3d 43, 45 (1st Cir. 2009); Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994). "Accordingly, the elements of res judicata are (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Haag v. United States, 589 F.3d at 45 (quoting Gonzalez v. Banco Cent. Corp., 27 F.3d at 755). "Res judicata promotes judicial efficiency and prevents 'claim-splitting' by requiring litigants to assert all of their factual allegations and legal theories, including jurisdictional allegations, pertaining to their claim the first time they come to court." Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005); see also Gonzalez v. Banco Cent. Corp., 27 F.3d at 757 ("The doctrine of res judicata serves many desirable ends, among them finality and efficiency.").[3]

---

[3] The United States Supreme Court has provided the following explanation of res judicata:

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. Id., at 748-749, 121 S.Ct. 1808. By "preclud[ing] parties from contesting matters that

Malik has previously brought an almost identical action against Continental in the United States District Court for the Western District of Texas. See Anjum Malik v. Continental Airlines, Inc., CIVIL NO. A-06-CA-695-LY (W.D. Tex.) (the "Texas Action"). The Texas district court dismissed Malik's complaint in its entirety, finding her state law claims preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713 (1997), and her federal discrimination claims unsupported by sufficient allegations. See Malik v. Continental Airlines, Inc., 305 Fed.Appx. 165, 167 (5th Cir. 2008). On appeal, the Fifth Circuit affirmed the district court's findings that Malik's state law claims were preempted by the ADA, id. at 169, and that her federal claims for racial and religious discrimination should be dismissed because she failed to allege any facts establishing a connection between Continental's actions and her racial and religious background, see id. at 169-70. However, the Fifth Circuit found that the district court had erred in failing to address Malik's ability to recover for lost luggage under federal

---

> they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

Taylor v. Sturgell, 553 U.S. 880, 892, 128 S.Ct. 2161 (2008)(alterations in original)(footnote omitted).

common law and remanded that claim to the district court for further proceedings. Id. at 170. In doing so, the Fifth Circuit specifically stated that "the dismissal of Malik's state law claims and federal discrimination claims is affirmed." Id.

On remand, the district court determined that Continental's liability to Malik for her federal common law claim for the value of her lost luggage was $800.00. See Texas Action, Final Judgment (Dkt. #64). On May 14, 2009, the district court entered a "Final Judgment" in the matter, holding that Malik was entitled to recover $800.00 from Continental with prejudgment interest and postjudgment interest until the judgment was paid in full. Id.

Malik appealed the judgment to the Fifth Circuit, but that court affirmed the judgment. Malik v. Continental Airlines, Inc., 369 Fed.Appx. 588, 589 (5th Cir. 2010). Malik then filed a petition for writ of certiorari in the United States Supreme Court, but the Supreme Court denied the petition on November 15, 2010. See Malik v. Continental Airlines, Inc., ___ S.Ct. ___, 2010 WL 3561609 (Nov. 15, 2010).

All of the required elements for application of res judicata are present here. There is a final judgment on the merits in an earlier suit.[4] See Texas Action, Order on Report and

---

[4] "Federal law governs the res judicata effects of a federal court judgment in a federal question case as applied to a later case that again presents a federal question to a federal court. Thus, because both the earlier (ostensibly precluding) suit and the later (ostensibly precluded) suit invoked federal question jurisdiction, the rule of decision here is supplied by federal law." Gonzalez v. Banco

9

Recommendation (Dkt. #33) (dismissing all claims with prejudice); Malik v. Continental Airlines, Inc., 305 Fed.Appx. at 170 (affirming dismissal of Malik's state law claims and federal discrimination claims). There is also a final judgment with respect to Malik's remaining federal common law claim for lost luggage. See Texas Action, Final Judgment (Dkt. #64); see also Malik v. Continental Airlines, Inc., 369 Fed.Appx. at 589 (affirming district court judgment). A valid and final judgment in an action will extinguish subsequent claims "with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Gonzalez v. Banco Central Corp., 27 F.3d at 755 (quoting Manego v. Orleans Bd. of Trade, 773 F.2d 1, 5, (1st Cir. 1985)).

With respect to identicality of causes of action, the First Circuit employs a transactional analysis whereby identity exists "if both sets of claims-those asserted in the earlier action and those asserted in the subsequent action-derive from a common nucleus of operative facts." Haag v. United States, 589 F.3d at 46. "Put another way, 'as long as the new complaint grows out of the same transaction or series of connected transactions as the old complaint, the causes of action are considered to be identical.'" Id. (quoting Kale v. Combined Ins. Co., 924 F.2d

---

Central Corp., 27 F.3d 751, 755 (1st Cir. 1994)(internal citations omitted).

1161, 1166 (1st Cir. 1991)(internal quotation marks and citations omitted)). This requirement is easily satisfied here because it is clear that Malik's claims grow out of the same connected transactions involving her carry-on luggage alleged in the Texas Action. Indeed, the causes of action asserted by Malik in the instant action are the same, or nearly the same, as those in the previous action.[5] Compare Texas Action, Second Amended Complaint (Dkt. #17) ¶¶ 10-13, with District of Rhode Island CA 10-222 S, Complaint (Dkt. #1) ¶¶ 10-13. Moreover, "[r]es judicata does not require a final judgment on the merits as to every specific claim to be barred; rather, so long as the previous action concluded with a final judgment on the merits, res judicata extends to 'bar[] the relitigation of any issue that

---

[5] Similarly, the issues which Malik raises in the present action are the same, or nearly the same, as those in the Texas Action. For example, she contends that her state law claims are not preempted under the Airline Deregulation Act ("ADA"), that the liability limitations or exclusions in the Contract of Carriage ("COC") are inapplicable, and that her federal civil rights claims are valid. See Motion for Partial Summary Judgment ¶¶ 19-30. Yet, each of these contentions was specifically rejected in the Texas Action. See Malik v. Continental Airlines, Inc., 305 Fed.Appx. 165, 169 (5th Cir. 2008) ("the ADA preempts all of Malik's state law claims"); Malik v. Continental Airlines, Inc., 369 Fed.Appx. 588, 589 (5th Cir. 2010) (rejecting Malik's argument that "these allegedly false assurances warrant abrogating Continental's liability exclusions"); Malik v. Continental Airlines, Inc., 305 Fed.Appx. at 169 (holding that "the district court properly dismissed Malik's federal claims for racial and religious discrimination"). Thus, Malik is precluded from relitigating these issues. See Taylor v. Sturgell, 553 U.S. at 892, 128 S.Ct. 2161 ("Issue preclusion ... bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.")(internal quotation marks omitted).

11

was, or *might have been*, raised in respect to the subject matter of the prior litigation.'" Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 328 (1st Cir. 2009)(second alteration in original).

Lastly, there is sufficient identicality between the parties in the two suits. Malik is the plaintiff in each action. The defendants, Continental in the prior action and Continental Express in the instant action, are closely related. See Freese v. Continental Airlines, Inc., No. 1:08-CV-1070, 2009 WL 2232857, at *2 (N.D. Ohio July 23, 2009)(stating that Continental Express is a wholly-owned subsidiary of Continental and operates under a capacity purchase agreement with Continental); see also In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 17 (1st Cir. 2003) ("We have heretofore considered such imbricated corporate relationships sufficient to establish privity for purposes of claim preclusion."); cf. Plaintiff's Aff. ¶ 8 (stating Malik's belief that Continental and Continental Express "are jointly operated in Providence, RI"). Continental and Continental Express also have identical, or almost identical, interests with respect to Malik's claims arising out of the loss of her luggage.

Thus, in the context of this litigation, the relationship between Continental and Continental Express is sufficiently close to support a finding of privity and to preclude relitigation of Malik's claims. See Amalgamated Sugar Co. v. NL Indus. Inc., 825 F.2d 634, 640 (2nd Cir. 1987)(agreeing with district court that

"the relationship between the parties in the context of this litigation was sufficiently close to support a finding of privity"); see also Southwest Airlines Co. v. Texas Int'l Airlines, Inc., 546 F.2d 84, 95 (5th Cir. 1977)("'privity' denotes a legal conclusion rather than a judgmental process");[6] id. at 95 n.38 ("It is sufficient that the word designates a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.")(quoting Jefferson Sch. of Social Science v. Subversive Activities Control Bd., 331 F.2d 76, 83 (D.C. Cir. 1963)). Indeed, "a subsidiary corporation is held to be in privity with its parent in respect to the common corporate business." Jefferson Sch. of Social Science, 331 F.2d at 83.

Moreover, even if Continental and Continental Express were not in privity, res judicata still applies. As a general proposition, res judicata requires an identicality or privity of the plaintiffs and defendants in the initial and subsequent

---

[6] The Southwest Airlines Co. court further explained that:

[T]he term privity in itself does not state a reason for either including or excluding a person from the binding effect of a prior judgment, but rather it represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.

Southwest Airlines Co. v. Texas Int'l Airlines, Inc., 546 F.2d 84, 95 (5th Cir. 1977).

13

actions for preclusion to apply. <u>Pharr v. Evergreen Garden, Inc.</u>, 123 Fed.Appx. 420, 424 (2nd Cir. 2005). However, this rule is not strictly imposed where the party against whom claim preclusion is sought has, in essence, already received his or her day in court and the application of res judicata would not alter this conclusion. <u>Id.</u> Here Malik has clearly had her day in court. She is not entitled to another. <u>Cf.</u> <u>Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.</u>, 48 F.3d 576, 583 (1st Cir. 1995) ("Res judicata ... prevents plaintiffs from splitting their claims by providing a strong incentive for them to plead all factually related allegations and attendant legal theories for recovery the first time they bring suit."). Accordingly, the fact that Continental was the defendant in the prior action and Continental Express is the defendant in the instant action does not preclude application of the doctrine of res judicata.

In sum, because all the elements required for res judicata are present, Malik is barred from bringing this action. Accordingly, it should be dismissed on grounds of res judicata. I so recommend.

### C. Statute of Limitations

Malik alleges that this Court has jurisdiction "because causes of action under 42 U.S.C. §§ 1981 & 1982 are alleged." Complaint ¶ 1. Actions brought pursuant to Section 1981 "borrow the forum state's statute of limitations for personal injury

14

claims." Rodríguez-García v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004); see also Rathbun v. Autozone, Inc., 361 F.3d 62, 67 (1st Cir. 2004)("In Goodman v. Lukens Steel Co., 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), ... the United States Supreme Court held squarely that the relevant state statute of limitations governing personal injury claims applied to section 1981 actions.")(citing Goodman, 482 U.S. at 660-62)). "Rhode Island's general personal injury statute of limitations is three years." Girard v. Donald Wyatt Detention Facility, No. 00-194 T, 2001 WL 210473, at *2 (D.R.I. Feb. 5, 2001)(citing R.I. Gen. Laws § 9-1-14). Thus, a three year statute of limitations applies to Malik's claims in this case under 42 U.S.C. § 1981. See id.

Malik's Complaint alleges that the actions giving rise to her claims occurred on or about May 18, 2006. Thus, the statute of limitations began to run at that time. See Gilbert v. City of Cambridge, 932 F.2d 51, 57 (1st Cir. 1991)("[I]n discrimination case, statute of limitations begins to run when illegal act takes place, not when 'the consequences of the act become painful.'")(quoting Chardon v. Fernandez, 454 U.S. 6, 8, 102 S.Ct. 28 (1981)). Malik did not file her Complaint in this Court until May 18, 2010, a year after the statute of limitations had expired. Thus, Malik's claim pursuant to § 1981 is barred by the three year statute of limitations.

Malik's claim pursuant to § 1982 is similarly barred for that same reason. The acts about which she complains occurred more than three years prior to the commencement of this action. See Scheerer v. Rose State College, 950 F.2d 661, 664 (10th Cir. 1991)(agreeing that plaintiff's reliance on 42 U.S.C. § 1981 and § 1982 to redress conduct that occurred some four and a half years prior to suit was precluded by the two year statute of limitations applicable to personal injury suits in Oklahoma); Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills, 701 F.Supp.2d 568, 587 n.12 (S.D.N.Y. 2010)(noting that a three year statute of limitations applies to claims made under § 1982) (applying New York law); Carvel v. Franchise Stores Realty Corp., No. 08 Civ. 8938(JGK), 2009 WL 4333652, at *8 (S.D.N.Y. Dec. 1, 2009)(stating that the statute of limitations for claims pursuant to 42 U.S.C. §§ 1981-83 and 1985 is three years); Bacon v. Suffolk Legislature, No. 05-CV-4307 (JFB)(ETB), 2007 WL 2288044, at *5 (E.D.N.Y. Aug. 8, 2007)(applying three year statute of limitations to claims under § 1982); Mitchell v. Sung, 816 F.Supp. 597, 601 (N.D. Cal. 1993)(dismissing plaintiff's § 1982 claims because they were barred under California's one year statute of limitations for personal injuries); see also Beauregard v. Lewis County, No. C05-5738RJB, 2006 WL 2924612, at *8 (W.D. Wash. Oct. 10, 2006)("[B]ecause section 1982 does not have a statute of limitations, courts apply the applicable state

statute of limitations."); cf. Danco, Inc. v. Wal-Mart Stores, Inc., 178 F.3d 8, 13 n.3 (1st Cir. 1999)(noting that 42 U.S.C. § 1982 is "a directly analogous statute" to § 1981).

Because the federal claims are barred by the applicable three year statute of limitations, they should be dismissed. Since these claims provide the sole basis for this Court's exercise of jurisdiction, Malik's state law claims should also be dismissed. See Flowers v. Fiore, 359 F.3d 24, 35 (1st Cir. 2004) ("[I]f the federal claims are dismissed before trial ... the state claims should be dismissed as well.")(quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130 (1966))(alterations in original). Although the general rule is that such claims should be dismissed without prejudice, Ruiz-Sulsona v. University of Puerto Rico, 334 F.3d 157, 161 (1st Cir. 2003), in this case Malik's state law claims are also barred by res judicata, see Discussion Section II. B. supra at 8-14. Accordingly, dismissal without prejudice is not appropriate, and, therefore, I recommend that her claims be dismissed with prejudice.

## Conclusion

For the reasons stated above, I recommend that the Motion for Partial Default Judgement be denied because default has not yet entered. I further recommend that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a

claim on which relief may be granted because (1) all of Plaintiff's claims are barred by the doctrine of res judicata and (2) all of her federal claims, which provide the sole basis for this Court to exercise jurisdiction, are additionally barred by the statute of limitations.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 19, 2011